J-S18035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEESHAN LEE EDMOND | : | |
| | : | |
| Appellant | : | No.  984 MDA 2015 |

Appeal from the Judgment of Sentence May 7, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0000383-2007,
CP-36-CR-0000413-2007, CP-36-CR-0003588-2009

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 09, 2016**

Keeshan Lee Edmond (Appellant) appeals from the judgment of sentence which the trial court imposed after revoking Appellant's probation. In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

In 2007, Appellant was charged with six counts each of burglary and conspiracy stemming from Appellant's unlawful removal of copper pipes from unoccupied residences in Columbia, Pennsylvania (case number 383 of 2007).  Also in 2007, Appellant was charged with one count each of burglary and conspiracy stemming from the burglary of an unoccupied residence in Columbia, Pennsylvania (case number 413 of 2007).  On September 27,

_____

*Retired Senior Judge assigned to the Superior Court.

2007, Appellant entered into a negotiated guilty plea at both docket numbers and was sentenced to concurrent terms of ten years of probation on the burglary charges, with each conspiracy charge merging for the purposes of sentencing.

In 2009, Appellant was charged with two counts of simple assault (case number 3588 of 2009). On March 23, 2010, Appellant entered into a negotiated guilty plea and was sentenced to concurrent terms of two years of probation on each charge. Appellant's probation was also revoked for the 2007 cases.

Appellant violated the terms of probation on numerous occasions throughout 2011, 2013, and 2014. Appellant's most recent violation culminated in a hearing on May 7, 2015. At that hearing, the probation officer explained to the court that things were "going downhill." N.T., 5/7/2015, at 2. Appellant "stopped reporting" [and] "admitted himself into [a treatment program] at which point he was unsuccessfully discharged and he's never welcome back[.]" **Id**. "He received new receiving stolen property charges while absconding." **Id**. "He still owe[d] a substantial amount of money, $77,000." **Id**. at 2-3.

Based on the foregoing, the revocation court found violations at all three docket numbers and sentenced Appellant to concurrent terms of 18

months to 3 years of incarceration at case numbers 383 of 2007 and 413 of 2007.[1]

On May 21, 2015, Appellant filed a post-sentence motion *nunc pro tunc* requesting the revocation court make Appellant boot camp eligible. On June 2, 2015, the revocation court granted Appellant the right to file the post-sentence motion *nunc pro tunc* and granted the motion itself making Appellant boot camp eligible.

On June 5, 2015, Appellant timely filed a notice of appeal. In response to the revocation court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, counsel for Appellant filed a statement of intent to file an **Anders**/**McClendon** brief pursuant to Pa.R.A.P. 1925(c)(4).

The following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[1] The revocation court also imposed a concurrent term of one to two years of incarceration at case number 3588 of 2009. However, the revocation court later vacated that sentence after concluding it was illegal.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the above requirements.[2] Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether

---

[2] Appellant has not responded to counsel's petition to withdraw.

the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n. 5).

According to counsel, Appellant wishes to challenge the discretionary aspects of his sentence. It is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006); **see also Commonwealth v. Ahmad,** 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

Instantly, Appellant has satisfied the first requirement by filing timely a notice of appeal. To satisfy the second requirement regarding

preservation, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013).

Appellant's post-sentence motion did not include a challenge to the discretionary aspects of his sentence. Additionally, Appellant did not raise this issue at his sentencing hearing. Therefore, Appellant has not preserved this issue, and it is waived. An issue that is waived is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Consequently, we agree with counsel that this appeal is frivolous.

Even if Appellant had not waived this issue, we would agree with counsel that this appeal is frivolous because the trial court did not abuse its discretion in fashioning Appellant's sentence. We analyze such a claim mindful of the following.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.[] § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist[s]:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.
>
> In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

**Commonwealth v. Colon**, 102 A.3d at 1033, 1044 (Pa. Super. 2014)

(citations and quotation marks omitted).

- 7 -

The trial court offered the following reasoning on the record.

Everything I said at that hearing and everything in that [presentence investigation report], [Appellant], tells me that unless you are tightly and under constant structure and constant supervision and constantly required to push yourself in the direction that others give you, that you will, in fact, simply change your mind about what is attractive to you at any given time; that you still have not come to the conclusion that maturity requires a sacrifice of your preferences to the realities that you have created for yourself. The realities you created for yourself are two felonies in the second degree with a ton of time on them and seven violations in total, eight prior offenses, four of which are felonies, fifteenth appearance in court since '07, and less than a year after I gave you the opportunity to demonstrate by not violating that you can invest in yourself and you're back in front of me.

There is no way now that a state sentence is not the appropriate recommendation to accept from Probation and Parole. I am sorry that it has to be this way.

I will tell you right now that you can go up there with the attitude that this sucks, it's unfair, and I take no responsibility because this system is crummy, it hasn't fixed me, and that is the same as throwing up your hands, saying I am not responsible for any aspect of my life and I have no interest in making anything out of it, or you can go up there and realize that the track record that you built up was you building it up, the choices that you made.

You can decide to overcome the influences that will be up there for the negative and try your best to focus on building a set of drug and alcohol tools to keep you sober, and finding more reliable vocational training so that maybe you can invest at a greater level in yourself. That is the only hope you have.

You are 26 years old. You have abilities. You owe it to yourself, to your family. You owe it to the community to make something out of yourself, not simply to be another example of in and out of the court system.

When you come out, I want you to realize that there is a benefit to walking the straight path, to setting a goal and achieving it, and having it be a positive goal that builds up and doesn't tear down. Every goal you've set for yourself you allowed to be torn down by either your own lack of discipline or addictive behavior. I don't know which it is. Only a professional will know that. I hate doing this, but I feel that you leave me with absolutely no choice. I think we exhausted everything we can do here.

N.T., 5/7/2015, at 6-8.

Upon review, we discern no abuse of discretion. The record demonstrates that the revocation court considered the appropriate sentencing criteria and reasonably concluded that probation was ineffective.

Based on the foregoing, we conclude that Appellant's issue challenging the discretionary aspects of his sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/9/2016